```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION

CHAUCER CORPORATE CAPITAL,       §
NO. 2 LIMITED,                   §
                                 §
     Plaintiff,                  §
                                 §
v.                               §   CIVIL ACTION NO. H-10-180
                                 §
HARDAM S. AZAD D/B/A             §
FIVE MILLION SQUARE FEET         §
COMPANIES; HOUSTON SHOPPING      §
CENTER MANAGERS, LP D/B/A        §
COM REALTY AND SOUTH VILLAGE     §
SHOPPING CENTER; CONTINENTAL     §
BALLROOMS, INC.; TRADING FAIR    §
IV, INC.; TRADING FAIR III,      §
INC.; TRADING FAIR HOUSTON,      §
INC.; THE TOMBALL CENTER, INC.;  §
and WEBSTER/MARINAGATE, INC.     §
                                 §
     Defendants.                 §
```

ORDER

Pending is MRCO, Inc. and Commercial Roof Consultants & Claims Management, LLC's Motion to Intervene and Request for Establishment of Constructive Trust (Document No. 35). The motion will be denied because MRCO, Inc. ("MRCO") and Commercial Roof Consultants & Claims Management, LLC ("CRCCM," and together, the "Proposed Intervenors") have provided no complaint in intervention, despite Rule 24's requirement that a motion to intervene "must state the grounds for intervention *and* be accompanied by a pleading that sets out the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c) (emphasis added). "[T]he plain fact is that Rule 24(c) obligates a district judge to make an assessment of whether the proposed intervenor's complaint states a cause of action, at

least when the motion to intervene is opposed, and where, as here, the complaint in intervention adds substantive claims that no other party asserted."  Pin v. Texaco, Inc., 793 F.2d 1448, 1450 (5th Cir. 1986); *see also* 7C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1914, at 523-24 (3d ed. 2007) ("The proposed pleading must state a good claim for relief or a good defense." (footnotes omitted)).  It is not possible fairly to assess whether a proposed intervenor's complaint states a cause of action or adds new claims when *there is no complaint to assess*.  *Cf.* Patridge v. J.K. Harris Co., No. 05-2172, 2006 WL 1215189, at *3 (C.D. Ill. May 5, 2006) (noting that, without "a pleading that sets forth [the proposed intervenor's] claims or defenses or the relief it seeks," the court "cannot consider whether intervention is proper" (citing Pin, 793 F.2d at 1450)).

Moreover, absent a complaint in intervention, the Court cannot determine whether intervention is permissible in light of 28 U.S.C. § 1367(b), which precludes the exercise of supplemental juris- diction over claims asserted by non-diverse parties "seeking to intervene as plaintiffs under Rule 24" where, as here, the sole basis for the Court's jurisdiction over the original action is diversity of citizenship.  Griffin v. Lee, 621 F.3d 380, 384-87 (5th Cir. 2010).  This applies both to intervention of right and permissive intervention.  Id. at 386 (quoting 7C WRIGHT ET AL., *supra*, § 1917).  Thus, the Proposed Intervenors must additionally

2

demonstrate either an independent basis for the exercise of subject matter jurisdiction over whatever claims they seek to assert, or demonstrate that they should be aligned as defendants rather than plaintiffs in this suit.  *Cf.* id. at 388 (noting that, where the non-diverse intervenor was properly aligned as a plaintiff, section 1367(b) barred the exercise of supplemental jurisdiction over his claims).

A majority of circuits, including the Fifth, favor "a permissive interpretation" of Rule 24(c).  <u>Liberty Surplus Ins. Cos. v. Slick Willies of Am., Inc.</u>, No. H-07-0706, 2007 WL 2330294, at *1-2 (S.D. Tex. Aug. 15, 2007) (Rosenthal, J.).[1]  Thus, the rule's requirements typically are excused where the motion to intervene sufficiently "does put the parties on notice of [the intervenor's] grounds for intervention," and the party challenging intervention did "not contend that it would be prejudiced by the intervention."  *See, e.g.*, <u>Liberty Surplus</u>, 2007 WL 2330294, at *2; *cf. also* 7C WRIGHT ET AL., *supra*, § 1914, at 521 (noting that, "apparently without exception," courts denying a motion to intervene due to "procedural mistakes" under Rule 24(c) also discuss "reasons of substance why intervention should not be allowed," thereby suggesting "that a deserving applicant for intervention is

---

[1] Judge Rosenthal in <u>Liberty Surplus</u> ably summarized the permissive view toward compliance with Rule 24(c) taken in the Fourth, Fifth, Sixth, Eleventh, and D.C. Circuits, as compared to the "stricter approach" favored by the First, Second, and Seventh.  *See* id.

not likely to be turned away because of a procedural blunder *of no real significance*" (emphasis added)). Here, however, the Purported Intervenors in this case failed in their motion to state a claim upon which they propose to intervene and further failed to allege sufficient information from which subject matter jurisdiction over their intervention can be ascertained, making their failure to attach a complaint in intervention substantial, not merely technical.

Nevertheless, in light of the lenient practice under Rule 24(c), and the analogous practice in granting motions to dismiss under Rule 12(b)(6)[2] permitting a party "at least one opportunity to cure pleading deficiencies before dismissing a case," Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002), the Court will deny the motion to intervene without prejudice to its being reasserted within fourteen days in full compliance with Rule 24. *Cf.* Diehl v. United States, 438 F.2d 705, 711 (5th Cir. 1971) (although the intervenor failed to show that she filed a claim for a tax refund, a statutory prerequisite to filing a suit for a refund, the affirmance of the district court's dismissal of intervention was "without prejudice to the right of [the intervenor], within thirty days of the receipt of the

---

[2] *See* Pin, 793 F.2d at 1450 ("The determination of whether the proposed intervenor's complaint states a cause of action is controlled by the general rules on testing a pleading . . . ." (internal quotations and citation omitted)).

4

mandate in the District Court, to move for the reinstatement of the intervention in her personal behalf if such a claim was, in fact, filed"). Accordingly, it is

ORDERED that MRCO, Inc. and Commercial Roof Consultants & Claims Management, LLC's Motion to Intervene and Request for Establishment of Constructive Trust (Document No. 35) is DENIED without prejudice to being re-filed within fourteen (14) days of the entry of this Order in full compliance with Federal Rule of Civil Procedure 24, "accompanied by a pleading that sets out the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c).

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 8th day of September, 2011.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE